
FILED
CLERK, U.S. DISTRICT COURT
AUG 12 2019
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN ALEXANDER GRANDES-MERAZ,<br><br>Defendant. | Case No. 19-MJ-3216<br><br>ORDER OF DETENTION<br><br>[Fed. R. Crim. P. 32.1(a)(6); 18 U.S.C. § 3143(a)(1)] |

I.

On August 8, 2019, Defendant made his initial appearance in this district following his arrest on the petition for revocation of supervised release and warrant for arrest issued in the District of Utah on May 17, 2019. Deputy Federal Public Defender Gabriella Rivera was appointed to represent Defendant. At Defendant's request, a detention hearing was continued to August 12, 2019.

On August 12, 2019, a detention hearing was held:

II.

Pursuant to Federal Rule of Criminal Procedure 32.1(a)(6) and 18 U.S.C. § 3143(a) following Defendant's arrest for alleged violation(s) of the terms of Defendant's ☐ probation / ☒ supervised release,

The Court finds that :

A. ☒ Defendant has not carried his burden of establishing by clear and convincing evidence that Defendant will appear for further proceedings as required if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

> ☒ allegations in the petition: defendant is charged with illegally entering the United States in violation of the conditions of supervision imposed for his 2017 conviction for illegal entry in the District of Utah.
> ☒ Defendant attempted to flee during arrest
> ☒ use of aliases, name variations and multiple identifiers

Defendant was previously removed from the United States on August 16, 2017, following his conviction, in the District of Utah, for re-entry of deported alien, for which he received a sentence of 36 months probation. According to the petition, Defendant violated the conditions of supervision by illegally re-entering the United States on or about May 14, 2019, and has no legal status in the United States. Thus, Defendant has not demonstrated a willingness to abide by court orders and the Court is not convinced that the defendant will abide by its order to appear for future court appearances if released on bail. Moreover the prospective penalty that defendant faces, if convicted of the alleged violation of supervised release, supports a finding that release on bail will pose a flight risk because defendant will likely be deported after serving the sentence imposed, and the Court finds that, in conjunction with the other factors noted above, this will provide an incentive to flee the jurisdiction. The Court also notes that, despite Defendant's proffered bail resources, which include an offer to post an unsecured cash bond of

$5,000 or $10,000 by Defendant's cousin, Defendant is also subject to an immigration detainer due to his unlawful status in the United Status. Finally, the Court is concerned about the inconsistencies noted in the Pretrial Services Report regarding the nature of Defendant's employment and the amount of rent he pays for the apartment that he lives in with his girlfriend, and the unwillingness of Defendant's girlfriend to provide address information.

B. ☒ Defendant has not carried his burden of establishing by clear and convincing evidence that Defendant will not endanger the safety of any other person or the community if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

☒ allegations in the petition (see above)

### III.

IT IS THEREFORE ORDERED that the defendant is remanded to the custody of the U.S. Marshal to be removed to the District of Utah forthwith.

Dated: August 12, 2019

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE